If everybody's ready to proceed, I'm going to call the first case, which is 20-6134 United States v. Anthony. And Mr. Sandiford, you may proceed when you are ready. Thank you. Good morning, and may it please the court. My name is Dean Sandiford with the Federal Defender's Office, and I'm here for Curtis Anthony. Section 2255's limitation period begins when the judgment of conviction becomes final. The judgment of conviction is the sentence, and it becomes final only when direct review is complete. In this case, the judgment still isn't final because restitution has not been finally determined. Restitution is part of the sentence, and finality will attach only when direct review of the restitution order has ended. For this reason, the district court was wrong to rule that Mr. Anthony's motion was late. The primary dispute between the parties is whether restitution is part of the sentence, and it clearly is. The primary statutes that govern restitution are in the chapter called sentencing. Several of those provisions say to impose restitution when sentencing the defendant. One of them speaks in terms of a defendant who is sentenced to pay restitution, and appeals of restitution order take place under the statute that authorizes appeals from sentences. In both Dolan and Manrique, the Supreme Court described restitution as a sentence, and this court has held that an illegal restitution award is an illegal sentence. The government relies heavily on Section 3551B, but that statute helps Mr. Anthony, not the government. It first says that every sentence of an individual must contain one of three punishments, a fine, imprisonment, or probation. It then goes on to say that in addition to one of those punishments required under this subsection, that other sanctions can be imposed, like restitution. So read as a whole, what the statute does is say every sentence has to contain fine, imprisonment, or probation, and it can contain other punishments like restitution. Mr. Tafferson? Go ahead, Chief. Yeah, under your approach, what happens when you have a deferred or delayed restitution proceeding, and your client's got a custodial term imposed, a lot of problems with the trial, under your approach, does your client need to wait months and months and months until the restitution amount is fixed? And I can see where they're, like in the Ninth Circuit case, there's a lot of clients that would want an immediate appeal because of trial and custodial, you know, even more serious sentencing defects. What's your response to that scenario? Well, for the direct appeal, you can appeal the conviction and sentence even if the restitution has been deferred. So the defendant basically has two options. They can appeal within 14 days of the conviction and initial sentence, or they can wait and appeal everything until restitution is determined. So there's no delay. If the client wants to move ahead with the appeal, then that's fine. Well, but in this case, he didn't appeal the conviction and sentence within 14 days. And then we have the pending restitution proceedings. And so, as a variation of Chief Judge Timkovich's question, Mr. Anthony has a compelling case for habeas relief from his conviction. Wouldn't he have to wait in prison until after the restitution issue is fully resolved before he could bring a 2255? I think that he doesn't. And I wasn't very clear in this in my brief in the final section on the remand stuff. When you're sentenced. So what I thought was the problem with when he filed was that part of his sentence was still in the district court. Defendants can always file a habeas while their case is on direct appeal, but the statute requires that they be under a sentence. So oftentimes, a defendant will file an appeal, go ahead and file a 2255, and that's okay. The statute of limitations hasn't started running yet, but the right to file a habeas petition accrues at the time of sentencing. What I saw as the problem with when he filed was that the case was still in the district court on resentencing, on the restitution award. So he could file now. He could refile now. I think the problem was that he filed when the case was still in the district court. So I guess what I'm trying to say is that the date that the right accrues to file is different from the date when the statute of limitations starts. The date of accrual of the right starts after you're sentenced. The date of the statute of limitations starts when everything is final on direct review. So there's two different dates at play. If that makes sense. Well, let me ask you a slightly different question. If a defendant can't challenge restitution on 2255 habeas review, then why wasn't the judgment on October 24, 2017, not a final judgment of conviction for purposes of habeas? Sure. Because the statute just says judgment of conviction, and the Supreme Court has said the judgment means the sentence. The statute doesn't distinguish between custodial and non-custodial aspects of the sentence. Congress could have written it that way and said, you know, the statute starts to run when the judgment of conviction becomes final as to the custodial aspects, but they didn't. And there's good reason not to do that because it just adds unneeded complexity to the statute. And the statute of limitations should be easy for courts of litigants to apply, and tying it to the judgment of conviction as a whole makes a lot of sense in that context. It doesn't require people to parse these different parts out of the judgment and see what's attackable on habeas and what isn't. But primarily, I think the answer is just the text of the statute. It says judgment of conviction only, and the Supreme Court has said that means the sentence. Restitution is part of the sentence, and therefore until it's finally determined, the judgment of conviction isn't final. Is there a difference there between the word judgment and the term judgment of conviction? Because you're using those interchangeably, and I'm not sure that the court has used judgment of conviction, whereas 3551 or 35, or excuse me, the habeas statute has, as has Rule 32K. Right. Well, I don't mean to use them. I mean judgment of conviction every time I say judgment, and I'm sorry for any confusion that that's caused. But the judgment of conviction is what we're talking about. That's the statutory term, and the Supreme Court has interpreted that to mean the sentence. In the sentence, the restitution is included in the sentence. As I said, Congress could have made some distinction between custodial and non-custodial aspects. They didn't, even though you can only challenge custodial aspects of the sentence on habeas. Those are the only ones that are cognizable. The statute of limitations is pegged to the judgment of conviction, and the judgment of conviction in this context, we know from Burton, means the sentence. Well, Burton says, and this is the sentence, final judgment in a criminal case means sentence. You're saying final judgment is the same thing as judgment of conviction? Well, they're interpreting judgment of conviction in that case, I believe, because what they're talking about is for habeas purposes, that that's what the judgment means. And that's how, this court interpreted it in Carvajal Moreno, and other courts have done the same, other circuits have done the same in published cases. So I'd like to just briefly touch on two cases that the government cites in their brief, Mendez and Prendergast. So Mendez is irrelevant because it's a direct appeal, and the rules are different on direct appeal than on habeas. So under Mendez, if a case is remanded for resentencing, any new appeal from that resentencing is limited to the new sentence. You can't appeal your conviction at that time. For habeas purposes, it's different. So if a case gets remanded for resentencing, the judgment becomes final, even as to conviction challenges, only when the sentence becomes final. That's what Burton holds. So to use Burton's facts as an illustration, he got his convictions affirmed on direct appeal. His case was remanded for resentencing. He couldn't have appealed his conviction following that resentencing. But the Supreme Court said that the judgment became final for habeas purposes, even for conviction challenges, only when the sentence was finally determined. So there's a different set of rules for habeas than direct appeal. Mendez just doesn't speak to it. It's a direct appeal case. Prendergast, on the other hand, that was a habeas case, but finality wasn't an issue. He had gone through the whole direct appeal process, years had gone by, and he files a habeas following the probation revocation. And he wants to resurrect time-barred claims in a petition that challenges his new sentence on revocation. And this court said you can't do that. In this case, though, the direct appeal process has never ended. So finality is the question. And under Burton, Burton rejects a claim-by-claim approach for that. You wait, you can wait until the entire sentence is finalized, even for aspects of the judgment that have long since been finalized, like Burton's convictions challenges. So in this case, Mr. Anthony's judgment of conviction is not final. We have an oral argument on the restitution piece next month, and whenever we decide, and then whenever the Supreme, you know, if he loses, the Supreme Court denies. Then as one year clock starts to tick. That's right, when the direct appeal process is over. But as I mentioned before, he can refile his habeas now because the case is on appeal and not in the district court anymore. I think what this Raber case that we cited in our brief stands for is that when the case is still in the district court, you don't have, you don't have, you have to be under the sentence to challenge it. Whereas now that the case is on appeal, he could refile tomorrow and the district court could adjudicate it. So he doesn't have to, even though as Judge Matheson said, the restitution piece is not challengeable in habeas. That's right, it's not challengeable, but the statute of limitations is pegged to the judgment of conviction becoming final on direct review, and that's not going to happen until all aspects of the sentence are finalized. Unless the court has further questions, I reserve the remainder of my time. All right, thank you. Let's hear from the government. Mr. on behalf of the United States. The district court properly dismissed Mr. Anthony's 2255 motion as untimely because it was filed more than one year after the October 26, 2017 judgment became final. The district court's determination is supportable by a number of fundamental principles. The first is that this is a deferred restitution proceeding, and as the and a deferred restitution proceeding, there's not only one, there's not one judgment, there are two judgments. Here, there's the October 26, 2017 judgment that set forth Mr. Anthony's plea, the jury's verdict, the adjudication of guilt, and a sentence of imprisonment. And then there's a second judgment that set forth only the amount of restitution. The second fundamental principle. Well, on the first one, Manrique does not say that a defendant can't wait until both are finished and then appeal that at one time, does it? I understand it says there are two potential opportunities for appeal. Well, what Manrique says is that a notice of come out and say that you can't wait. The statement that there are two final judgments, plus the statement that you have to appeal within 14 days after each judgment would at least suggest that principle. Well, doesn't the Corey case say that Mr. Anthony could appeal a conviction sentence after the restitution issue is finally resolved? So Corey dealt with a different statute in which the court imposed a provisional sentence. As the Supreme Court explained in a follow-up case, Barron's, the provisional sentence at issue in Corey was not a final judgment. It was an interlocutory order. Because it bore sufficient indicia of finality was allowed to be allowed to be appealed. But what Barron's makes clear is that there was only one final judgment in Corey. That distinguishes Corey from this case where the Supreme Court very explicitly said in a deferred restitution proceeding, there are two final judgments. But if you're saying that Manrique and the other cases preclude a defendant from waiting until both of those are resolved, let me read you the sentence from POP. It's 10th Circuit case that comes after Manrique. It says, but we believe Supreme Court precedent directs the defendant sentenced to imprisonment need not wait until restitution is finally resolved before being allowed to challenge her conviction. And it goes on. Need not wait strongly suggests that there's option to the defendant, doesn't it? It strongly suggests, but it is not just because the defendant need not wait doesn't mean the defendant can wait. So if a defendant must file notice of appeal within 14 days after entry of the judgment, then he need not wait because he has to file it within 14 days. Well, let me ask you this. If you lose on that point, if we read that language different than you're suggesting it should be read, where is the government left? Your Honor, we're still left with even if the court were to agree with that. To the extent that you're reading that to include it within the term sentence and within the term judgment of conviction, or excuse me, within the term sentence, the ultimate inquiry is what constitutes the judgment of conviction and whether an amendment to a restitution amount constitutes a judgment of conviction. And here, the Supreme Court has explained that the addition of a restitution amount in a deferred restitution proceeding does not create a new judgment of conviction. It explained that in 18 U.S.C. section 3582B, where it tied the judgment of conviction in a case such as this to the entry of a sentence. It also tied it to the, it also tied it to, it differentiated between sentence and sanction in 3151B. So, contrary to what Mr. Sanford was arguing, Congress never used the term punishment. Congress used the term sentence to refer to probation, excuse me, probation, fines, and imprisonment, but used the term sanction to deal with forfeiture, notice to the victims, and restitution. Now, you seem to be saying that, well, Mr. Sanford, as I understood the argument, saying that the case hinges on whether restitution is part of the sentence. And I take it that what you just gave us was your argument that it's not. But assuming that restitution is part of the sentence, and I know you don't agree with that, but assuming that it is, and given that the question of restitution is still pending on ever become final. Yes, Your Honor. And the reason I say that... Even if restitution is part of the sentence? Well, so sentence could be construed differently. Well, I'm asking, I want to make sure I'm clear on this question. I'm asking you to assume that restitution is part of the sentence. I know you disagree with that, but if you have to agree with that, then has there been a final judgment of conviction in this case? Yes, Your Honor. And I'll say that for two reasons. First, I say that because the appeal... And this, I think, goes back to a question that you asked Mr. Sanford. Because the amount of restitution was entered later, ultimately, we're dealing with what is the term judgment of conviction in 2255 F1. And the reason I bring it back to that is 2255 F1 was enacted to provide a limited period for a defendant to bring in his claims to his conviction and sentence. And so even though restitution is not final, and even if restitution is part of the sentence broadly, it's not a part of the sentence that can be challenged under 2255. And so as the it would make no sense to tie the limitations period for Congress, who is intending to create a limitation period, to tie that limitation period to something that could not be raised under 2255. So even if restitution is part of the broad sentence, interpreting 2255 F1 to allow for a sentence here that might be... Or allowing Mr. Anthony to bring, in this case, what would be a 2255 motion some six years, seven years after entry of the judgment of conviction that he'd never appealed. And ultimately, the October 26th, 2017 judgment has always remained valid and has never been challenged. The term judgment of conviction that's used in 2255 F1 and then Rule 32K of the Rules of Criminal Procedure, same term. Do you agree that it has the same meaning in both places? I believe so. And Rule 32K says a judgment of conviction includes the sentence. And so if we say that a sentence includes the restitution, where are you? Left. If this court were to conclude that restitution triggers the finality restitution, triggers 2255 F1, then we're left with harmless error. But the reason this court shouldn't reach that conclusion is that the comment of this court, or the comment in Burton, which is a state case, has nothing to do with Rule 32K, doesn't interpret what Congress was saying, what Congress meant. Congress used the term judgment of conviction in only a very limited number of places. They used it in 2255 F1. It used it in 3562 B when talking about probation, which is challengeable under 2255. It used it when talking about terms of imprisonment, which are challengeable under 2255. But Congress did not use the term judgment of conviction. It only used the term judgment when talking about restitution in 3664 O. Thus Congress, when given the choice of whether to use judgment of conviction, which it had used in other finality provisions, or use a different term, solely judgment, used the term judgment when talking about restitution. This further builds into the fact that the October 20th, under Van Rieke, there are two judgments. The first judgment is the judgment of conviction. The second judgment is the restitution judgment. In fact, this court, on a number of occasions, has affirmed the judgment of conviction and remanded solely the restitution order. Here, this court didn't remand the judgment of conviction in the first Anthony case, didn't purport to remand the first judgment. All it did was vacate and remand the restitution order. I didn't understand your reference to harmless error. I mean, if there was error in dismissing the 2255 motion as untimely, how can that be harmless? Doesn't that mean he gets to have the motion considered? Well, your honor, the sole issue that he raised in his 2255 motion was ineffective assistance of counsel. Oh, you're going to the merits then? Correct. Okay, I understand. And this court could consider the merits because ultimately ineffective assistance of counsel could be resolved as a legal matter. All of the evidence in this case is in it. And if this court concludes, as it hypothetical, that restitution or that the judgment of conviction includes the restitution order, and thus at the time of the original sentencing, I believe it was the November 9th, 2018 judgment, then that puts the notice of appeal in a light that that was appealed. Could I just, on that point, counsel, you mentioned November 9, 2017. Why should the limitations period begin to run then when Mr. Anthony only became aware that his counsel challenged just restitution when the direct appeal was filed on March 16, 2018? Well, your honor, I mean, I'm assuming we're talking about a harmless question. And so I'm back. I think I'm back on the on the on the timing issue here. I just it. It seems that the district court said, well, to Mr. Anthony, you should have filed a year after November 9, 2017. But his ineffective assistance of counsel claim is based on his appellate counsel's failure to appeal the conviction and sentence. But he wouldn't have even known about that until the direct appeal was filed. Am I missing something there? I think you are missing something, Judge Matheson. I think what you're missing is he didn't challenge appellate. He didn't claim ineffective assistance of appellate counsel. He claimed ineffective assistance of trial counsel for failing to file a notice of appeal. All right. That didn't happen when he got convicted. That happened when the notice of appeal was filed. Excuse me. Well, correct. And so it happened. It would have happened 14 days after the judgment of conviction is entered. And so there are essentially two paths. There's the path talking about time limits where the government's argument is that the judgment of conviction was the October 26, 2017 judgment. If that's if that's correct, then Mr. Anthony's motion was untimely. If this court disagrees with that argument, then we move to harmlessness. And Mr. Anthony, by virtue of this court disagreeing with the government, what this court would be holding is that restitution that the judgment giving rise to the restitution order or documenting the restitution order was the judgment of conviction and could be by Mr. Anthony's trial counsel that gave rise to the first Anthony appeal appealed from the amended judgment. And thus, Mr. Anthony wasn't didn't receive an effective assistance of trial counsel for failure to file a notice of appeal because trial counsel filed the notice of appeal. Mr. Anthony made no argument that appellate counsel was ineffective for failing to argue the challenge to the conviction or sentence. And I see that I'm out of your time's up with fines be part of the judgment of conviction. So fines are have a, I think, an uncertain role. And the reason I think they have an uncertain role is whenever the Sentencing Reform Act was enacted in 1984, Congress specifically included them as part of the judgment of conviction using the same finality language as it did for probation and incarceration. It also placed it as part of the sentence in 3551B. But in the 1990s, I believe Congress amended the finality provision of fines and removed of conviction phrase, leaving it in a similar place to restitution in that respect. I think fines would be a much more difficult question that this court doesn't have to grapple with in this case. Even though it's not collaterally attackable either like restitution. Right. And that's why I say I think it's a harder question because there is more of a split there. Congress definitively as part of the sentence where it included restitution as a sanction to be imposed in addition to the sentence. But everything else would counsel against that. All right. Thank you. Any other questions for the government from the panel? Thank you, Mr. Krieger. Mr. Sandiford has some rebuttal time. You may proceed when you're ready. Okay, thank you. I have just three quick points. One of them goes back to the Burton case and a question that you asked earlier, Judge they were talking about the judgment of conviction kind of as that term is used in the statute of limitations. And the answer to that is yes, because the argument that they were rejecting was an argument that, well, I had to file when I did to comply with the statute of limitations. And the Supreme Court said, no, you didn't. You could wait until the sentence is final because the sentence is the judgment. So in this context, when they're talking about statute of limitations, I'd like to briefly address this point about delay. There is a lot of delay here. I'd like to point out though, that this is a very odd case where everything in the case is done except restitution. And then that drags on for years. This does not happen very often. And the rules have to apply to the ordinary cases too. And there's a certain amount of delay that's going to happen in the ordinary case too. Like take Burton, for example, his conviction had long since been final in the sense that it could no longer be challenged while his case went back for resentencing and then went back up to the Court of Appeals for a new sentence. There was probably a period, I don't know how long, but a year, year and a half probably, maybe more, where the conviction, everything had been done for the conviction, but still the one-year limitation period didn't start until the sentence was done. And then I'd like to briefly address this point that there's two different judgments. A judgment of conviction that includes the sentence, the initial sentence and the conviction and then restitution. That's just not the way that it works. I mean, when a district court defers restitution, it doesn't order a new judgment of restitution. It amends the judgment that already exists to include restitution. If you look at the form that courts use for judgments, it has every component of the sentence in it. Imprisonment, is basically, well, it's amended. And so restitution... Can I ask you a question on that, which is you have an amended judgment, which is everybody contemplates is just going to be the restitution that's been deferred. But could the district court have entertained a motion or even sui sponte have recalculated the guideline or something else and changed one of the terms that were in the original judgment? I mean, not really. I mean, because under rule, I think it's 35. A sentence can't be changed after, I think it's 14 days, except for maybe clerical errors. I don't have the exact language at hand, but I think there's a rule that would prohibit the court from revisiting the imprisonment at that time. But I don't think that affects restitution status as part of the judgment. There's just another rule that says once the sentence is imposed, typically it can't be changed. It can't be modified unless it's reversed on appeal or in special circumstances exist. Unless the court has further questions, I'd see the remainder of my time. Thank you, counsel. We appreciate the arguments. That was very helpful. You're excused and the case is submitted.